## UNITED STATES, Plff.,

### v.

## ERNEST F. GARLAND AND JOHN COULSON, Dfts.

San Juan, Criminal, No. 3248.

Opinion filed April 26, 1924.

*Mr. John L. Gay,* United States District Attorney, for the United States.

*Mr. Frank H. Dexter* for John Coulson.

ODLIN, Judge, delivered the following opinion:

A motion to quash the information in the present case has been very ably argued by the attorney for John Coulson, and the court is urged to quash the information because it is admitted that the liquor referred to in the present information is the same liquor which was referred to in the former criminal case against Ernest F. Garland and John Coulson, in which these two men were charged with the unlawful transportation of intoxicating liquor, and after the government rested the court directed that the case be dismissed against John Coulson. The present information charges unlawful possession, and the time, place, and liquor in the present proceeding are identical with the time, place, and liquor in the former case.

Mr. Dexter has argued with great force that the acquittal of John Coulson of the charge of transportation necessarily carries with it an adjudication of the matter of possession, because if he was not guilty of the offense of transportation he could not be found guilty of possession. At first blush, this argument seems extremely forcible and logical, but there are two decisions of very important Federal courts which require me to deny the present motion to quash.

The first case is that of Massey v. United States, reported in 281 Fed. 293, decided by the United States circuit court of appeals for the eighth circuit. Mr. District Judge Munger

wrote the opinion, and he specifically states on page 296 that the National Prohibition Act penalizes the illegal possession of liquor as well as the illegal transportation of liquor; also that transportation involves elements of carriage or removal from one place to another that are not involved in mere possession. He holds very definitely that the two offenses are distinct.

The second case is that of Bell v. United States, decided by the circuit court of appeals for the fifth circuit, reported in 285 Fed. 145. The opinion is written by Mr. Circuit Judge King, and he holds on page 147 that, where the counsel for Bell argued that transportation necessarily involved possession and that therefore a conviction for transportation involved the offense of possession, this point is not well taken, and he refers to the case above cited of Massey v. United States. The conviction of Massey and the conviction of Bell were both affirmed.

A few moments' reflection will show that it is quite possible that this liquor may have been the property of John Smith, and that John Smith may have intrusted its possession to John Coulson and that the latter became the bailee, either with or without hire. If such was the case and Coulson knew that the property intrusted to him was liquor, he would be guilty of unlawful possession. John Smith might then later have arranged with Garland for the transportation of the liquor, Garland alone being responsible for the transportation.

The court upon the trial of the charge of transportation decided that the evidence was not sufficient to convict Coulson of transportation and directed his acquittal. It may therefore be the fact that Coulson was responsible for the possession and not for the transportation.

The motion to quash must be denied, and it is so ordered.

John Coulson is directed to plead to the information on or before the third day of May, 1924.

To this order and opinion counsel for John Coulson excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 26th day of April, 1924.